United States District Court

For the District of Maryland Greenbelt Division

RF

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JUL 2 1 2010

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DEPOSIT BOX

Craig Jones
12 Galveston Street SW #101
Washington, DC 20032

      Plaintiff,

   vs.

Republic Services, Inc.
(DBA - Allied Waste Service, Inc.,)
300 Ritchie Road
Capitol Heights, Maryland 20743

      Defendant

Case No.:

# Complaint

AW 10 CV 1999

### Jurisdiction

Jurisdiction in this case is based upon diversity of citizenship under Title 28 United States Code §1332 and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### Parties

The Plaintiff is an individual with his principal place of residence in Washington, DC. The Defendant is a corporation organized under the law of the State of Arizona with one of its places of business in Capitol Heights Maryland.

### Count 1 Discrimination

1. On December 15, 2000 the Plaintiff began employment with defendant as a "Rear Load Helper".

2. In 2001 the Plaintiff was transferred into the position of driver.

3. In 2007 the Defendant brought in Henry Alston as the General Manager for the Metro District of Allied Waste.

4. Due to the time restrictions set by the Montgomery County Noise Ordinance, the Plaintiff requested an alternative work schedule – asking for a later start time.

5. Defendant, under the leadership of Henry Alston denied the Plaintiff's change of schedule request without explanation, but granted the same schedule change request of Rafael Hernandez, who also drove on a Montgomery County route. A

copy of the Maryland Commission on Human Relations findings is attached and labeled Exhibit A.

6. In the spring of 2008, the Plaintiff contacted the Corporate Human Resources Office in Arizona about the unfair treatment of the plaintiff by Henry Alston. The Regional Manager (Don Nukem) was informed of the Plaintiff's concerns, as well as Henry Alston.

7. In July 2008 the Plaintiff was involved in an accident with the company truck. He followed the proper procedures to report the accident to his superiors.  No additional actions were taken until October of 2008, under the management of Henry Alston; the Plaintiff was suspended from Allied Waste. A copy of the email communication between the Plaintiff and Henry Alston is attached and labeled as Exhibit B.

8. On October 24, 2008, the Plaintiff was fired from Allied Waste, Inc. for excessive tardiness. But other employees, Juan Servellon and Juan Arevalo, were not terminated for their excessive tardiness.

9. According to the Employee Handbook, all employees, drivers, mechanics, etc. are to be held to the same rules and regulations. See Exhibits C, C1, C2.

10. Henry Alston, the General Manager of the Metro District for Allied Waste, Inc. had a personal vendetta against the Plaintiff, and discriminated against him in the workplace, which caused a hostile work environment.  A copy of email communication between Plaintiff and Henry Alston is attached and labeled as Exhibit D.

THE PLAINTIFF REQUEST A TRIAL BY JURY

### Prayer for Relief

Wherefore, Plaintiff demands judgment against the Defendant as follows:

11. Employment discrimination for the sum of $100,000,000.00 with legal interest and all costs.

12. For Plaintiff's costs relating to the employment discrimination including:

    (a) Plaintiff has been unemployable for over one year.

    (b) Pain and suffering.

13. For Plaintiff's attorney fees incurred herein.

14. For such other and further relief as the court may deem just and proper.

Dated this 21st day of July, 2010

Craig Jones

12 Galveston Street SW #101

Washington, DC 20032

(202) 409-6107